Original

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 2 3 2004

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TISA SCHUURMAN | * |
| | * |
| Plaintiff, | *  Civil Action No. _____ |
| | * |
| vs. | *  **1:04-CV-2155** |
| | * |
| FOUNDATION TECHNOLOGY | * |
| SERVICES, LLC | *   -GET |
| | * |
| Defendant. | * |

## COMPLAINT and JURY TRIAL DEMAND

COMES NOW the plaintiff, by and through counsel, and shows this honorable court as follows:

### INTRODUCTION

1.

This action to recover minimum wage and overtime compensation is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., and for breach of contract under Georgia law.

### JURISDICTION AND VENUE

2.

Defendant Foundation Technology Services, LLC is a Georgia corporation

FORMS RECEIVED
Consent [illegible]
Pretrial instructions
Title VII NFC
[signature]

and may be served by delivering process to its registered agent: Charles M. Ruggiero, 7290 Sentinae Chase Dr., Roswell, GA 30076.

3.

Defendant is subject to the jurisdiction of this court and venue is proper.

## STATEMENT OF FACTS

4.

Defendant is a covered employer, within the definition of the Fair Labor Standards Act (29. U.S.C. § 201 et seq.).

5.

Plaintiff, Tisa Schuurman was employed by the defendant from February 23, 2004 until May 27, 2004 as an operations assistant.

6.

During the course of plaintiff's employment with defendant, plaintiff frequently worked more than 40 hours per week.

7.

During the course of plaintiff's employment with defendant, plaintiff frequently performed work for the defendant from her home in the evenings and on weekends, with the knowledge of the defendant, in addition to her work at the office.

8.

Plaintiff was not paid at a rate equal to or greater than the minimum wage for all hours worked.

9.

Plaintiff was not paid time and one-half her regular rate for all hours worked over forty hours per week.

10.

Plaintiff was not paid the full amount of her wages as agreed by her employer.

## STATEMENT OF CLAIMS

11.

During the course of plaintiff's employment with defendant, plaintiff was frequently required to work more than 40 hours per week without being paid time and one-half for all hours worked over 40 hours per week.

12.

During the course of plaintiff's employment by defendant, defendant willfully failed and refused to pay plaintiff's compensation, at a rate equal to or greater than the minimum wage for all hours worked, as required by Section 6 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 206).

13.

During the course of plaintiff's employment, defendant willfully failed and refused to pay plaintiff's compensation, at a rate of one and one-half times their regular rate, for hours worked in excess of forty (40) per week, as required by Section 7 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 207).

14.

The effect of defendant's above-stated actions has been to deprive the plaintiff of minimum wage and overtime compensation in violation of §6 and §7(a) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 206 and 207 (a)).

15.

Plaintiff is entitled to recover from defendant her unpaid minimum wage and overtime compensation.

16.

Plaintiff is entitled to recover from defendant liquidated damages in an amount equal to her unpaid minimum wage and overtime compensation for defendant's violations of the Fair Labor Standards Act.

17.

Defendant acted willfully and in bad faith in failing to pay and withholding from the plaintiff's minimum wage and overtime compensation owed by defendant to the plaintiff.

18.

The defendant breached its contract with the plaintiff by not paying the plaintiff the full amount of wages as agreed to by the parties at the beginning of plaintiff's employment.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays that the Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this action in every way to be expedited, and upon such hearing to:

(1) Grant to plaintiff the amount of her unpaid minimum wage and overtime compensation;

(2) Grant to plaintiff liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime compensation;

(3) Grant to plaintiff the costs in this action and reasonable attorneys' fees;

(4) Grant to plaintiff a trial by jury on all issues triable to a jury.

(5) Grant to plaintiff such other and further relief as she may be entitled.

Respectfully submitted,

Jeffrey A. Johnson
Georgia Bar No. 394719
Attorney for Plaintiff

331 Washington Avenue
Marietta, GA 30060
(770) 919-0517